UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER V. DIAZ,

Plaintiff,

v.

RESTORATION HARDWARE, INC., a
Delaware corporation,

Defendant.

Case No. C11-1398RSL

ORDER DENYING MOTION
TO STRIKE DEMAND FOR
JURY TRIAL

This matter comes before the Court on Defendant's "Motion to Strike Demand for Jury Trial" (Dkt. # 17). Defendant contends that Plaintiff is not entitled to a jury trial because she did not file her demand with the Court "within a reasonable time after service" on Defendant. See Fed. R. Civ. P 5(d). The Court DENIES the motion.

"On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). In turn, Rule 5(d) provides only that "[a]ny paper after the complaint that is required to be served . . . must be filed within a reasonable time after service." Fed. R. Civ. P. 5(d) (emphasis added).

In this case, there is no dispute as to the first requirement. Plaintiff served her demand on Defendant on September 3, 2011—10 days after being served with removal

ORDER DENYING MOTION TO STRIKE DEMAND FOR JURY TRIAL - 1

papers. See Fed. R. Civ. P. 81(c)(3)(B)(ii) ("If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after . . . (ii) it is served with a notice of removal filed by another party."). Accordingly, the Court considers only whether Plaintiff "filed within a reasonable time after service" when she filed her demand 26 days after serving it on Defendant.

In support of her argument that she did, Plaintiff notes that no case has held that there exists a hard-and-fast limit on what amounts to "reasonable time." Rather, she relies on several well respected treatises, including Wright & Miller's Federal Practice and Procedure, which explains that "federal courts have liberally construed the words 'reasonable time' in order to minimize the incidence of technical objections that a paper, although served in ample time, was not filed under Rule 5(d) at the proper time." 4B Federal Practice & Procedure Civil § 1152 (3d ed.); see also 1 Moore's Federal Practice § 5.32[2] (3d. ed.). Additionally, she describes how the delay in this case was the result of her attorney being told that filing must be done electronically in this district, absent a showing of good cause, and his efforts to enroll in this district's electronic case filing program. Dkt. # 19.

In response, Defendant contends simply that Plaintiff's 26-day delay was unreasonable and requires this Court to conclude that Plaintiff did not make a timely request for a jury trial. Mot. (Dkt. # 17) at 3. It then devotes the bulk of its discussion to arguing that the rule in this circuit is that "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown" and that this Court thus lacks discretion under Rule 38 and 39 to allow Plaintiff a jury trial. Reply (Dkt. # 20) (citing Pac. Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001)). As to this second point, Defendant is quite convincing.

ORDER DENYING MOTION TO STRIKE DEMAND FOR JURY TRIAL - 2

The shortcoming of Defendant's argument, though, is that the Court has no reason to reach Defendant's second point—that the Court cannot excuse Plaintiff's asserted failure—if it concludes that the demand was filed "within a reasonable time after service." Plaintiff's demand would be timely, and most of the cases upon which Defendant relies would be simply immaterial. See, e.g., Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1086 (9th Cir. 2002) (the district court's discretion under Rule 39(b) is narrow and 'does not permit a court to grant relief <u>when the failure to make a timely demand</u> results from an oversight or inadvertence' such as a good faith mistake of law with respect to the deadline for demanding a jury trial" (emphasis added) (quoting Pac. Fisheries, 239 F.3d at 1002)); Russ v. Standard Ins. Co., 120 F.3d 988, 990 n.1 (9th Cir. 1997) (noting that the Ninth Circuit does not permit "exceptions to the rule that district courts are prohibited from excusing an <u>inadvertent failure to request a jury trial under Rule 39(b)</u>" (emphasis added)); Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 905 (9th Cir. 1982) (holding that plaintiff waived right to jury trial where she "<u>sought to excuse her late demand</u> by the fact that the attorney representing her on the date of removal was not certified to practice in the federal courts" (emphasis added)).

The Court concludes precisely that. The demand was filed "within a reasonable time after service." Courts must "indulge every reasonable presumption against waiver" of an individual's right to a jury trial. Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1064 (9th Cir. 2005) (citation and internal quotation marks omitted). This case seems to fall directly within the circumstances described by Wright and Miller: that "federal courts have liberally construed the words 'reasonable time' in order to minimize the incidence of technical objections that a paper, although served in ample time, was not filed under Rule 5(d) at the proper time." 4B Federal Practice & Procedure Civil § 1152.

Moreover, the Court notes that the Rule's use of the term "reasonable," rather than a fixed standard, requires courts to consider only whether the timing of the filing was "[f]air, proper, or moderate under the circumstances." See Black's Law Dictionary (9th ed. 2009) (defining "reasonable"). While the Court would prefer that Plaintiff's counsel act with greater alacrity in the future, it cannot conclude that the timing of Plaintiff's filing was not "fair . . . under the circumstances." Cf. Ready v. Feeney, No. 04 C 5245, 2005 WL 526886, *2 (N.D. Ill. 2005) (concluding that a five-month delay was Rule 5(d) "reasonable" under the circumstances); Curtis v. Das, No. 88 C 7249, 1990 WL 6831, *2 (N.D. Ill. 1990) (concluding that a 25-day delay was Rule 5(d) "reasonable" under the circumstances); see generally Klemm v. Astrue, 543 F.3d 1139, 1143 (9th Cir. 2008) (noting that local rules can authorize sanctions for failing to file electronically, but cannot preclude the filing itself).

Accordingly, because Plaintiff filed her demand "within a reasonable time after service," her demand was timely. For all of the aforementioned reasons, the Court DENIES Defendant's motion to strike Plaintiff's demand for a jury trial.

DATED this 21st day of February, 2012.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO STRIKE DEMAND FOR JURY TRIAL - 4